# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JOSE L. NATAREN**
**United States Army, Appellant**

ARMY 20130413

Headquarters, United States Army Alaska
Timothy Grammel, Military Judge (arraignment)
Stefan R. Wolfe, Military Judge (trial)
Colonel Tyler J. Harder, Staff Judge Advocate (pretrial)
Colonel Erik L. Christiansen, Staff Judge Advocate (post-trial)

For Appellant: Captain Amanda R. McNeil Williams, JA; Mr. Frank J. Spinner, Esquire (on brief); Captain Joshua Grubaugh, JA; Mr. Frank J. Spinner, Esquire (on reply brief).

For Appellee: Lieutenant Colonel A.G. Courie III, JA; Captain Christopher A. Clausen, JA; Captain Samuel E. Landes, JA (on brief)

14 September 2016

------------------------------------
SUMMARY DISPOSITION
------------------------------------

PENLAND, Judge:

A general court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of sexual assault and adultery in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 934 (2012) [hereinafter UCMJ]. The panel sentenced appellant to a dishonorable discharge and confinement for twelve years. Following the recommendation of the staff judge advocate to reduce the sentence by one month to account for delays in post-trial processing, the convening authority approved only so much of the sentence extending to a dishonorable discharge and confinement for eleven years and eleven months.

We review this case under Article 66(c), UCMJ.  Appellant raises two assignments of error, one of which, dilatory post-trial processing, merits discussion and relief.

## BACKGROUND

Appellant's trial concluded on 30 April 2013.  Appellant did not receive the authenticated record of trial, consisting of 535 pages of transcript, until 30 September 2014, 518 days after the trial.  During the interim, appellant's trial defense counsel filed four requests for speedy post-trial processing, the first on 13 May 2013 and the last on 19 May 2014.  Appellant filed his Rule for Court-Martial [hereinafter R.C.M.] 1105 matters on 15 October 2014.  The staff judge advocate (SJA) completed the addendum to his post-trial recommendation and the convening authority took action on 15 January 2015, *92 days* after receiving appellant's R.C.M. 1105 submission.  In total, 620 days of post-trial delay attributable to the government elapsed from trial until action.

On appeal, appellant seeks relief for an excessive post-trial delay.  Appellant does not assert any particular harm associated with this delay.  A memorandum from the convening authority's chief of military justice indicates multiple systemic causes within the SJA's office, to include a shortage of court reporters and changes in office leadership, contributed to the delay.

## LAW AND DISCUSSION

We review de novo appellant's claim that he has been denied his due process right to speedy post-trial review.  *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006).  Our superior court has adopted a four-factor balancing test from *Barker v. Wingo*, 407 U.S. 514, 530 (1972), to determine whether a due process violation has occurred:  "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice."  *Id.* (citations omitted).  "Once this due process analysis is triggered by a facially unreasonable delay, the four factors are balanced, with no single factor being required to find that post-trial delay constitutes a due process violation."  *Id.* at 136 (citing *Barker*, 407 U.S. at 533).  In assessing these factors, we find the delay in this case deprived appellant of due process.

First, under the circumstances of this case, the length of the delay—620 days—is facially unreasonable under any standard.  *Moreno* established a presumption of unreasonable delay when the convening authority takes action more than 120 days after the trial ends. 63 M.J. at 135.  The 535 page record in this case is not particularly complex or unusual.  The 92-day delay between receipt of appellant's R.C.M. 1105 matters and the convening authority's action is particularly

troubling when considering 528 days had already lapsed on the post-trial clock. This factor weighs heavily in favor of the appellant.

Second, the government's explanation for the delay boils down to a lack of court reporter support and insufficient oversight due to leadership transitions in the SJA's office. "To allow caseloads to become a factor in determining whether appellate delay is excessive would allow administrative factors to trump the Article 66 and due process rights of appellants." *U.S. v. Arriaga*, 70 M.J. 51, 57 (C.A.A.F. 2011) (citing *Moreno*, 63 M.J. at 137) (additional citations and quotations omitted). The government marshalled sufficient resources and personnel to bring appellant to trial in a timely fashion. The government's obligation to provide sufficient resources and personnel to continue the timely processing of this case did not end with the bang of the judge's gavel upon adjournment of the trial. This factor weighs in appellant's favor.

Third, appellant asserted his right to speedy trial four times before the transcript was finally completed, authenticated, and served on the appellant. Appellant's due process flags were not big enough to draw the government's attention and action, for his first three requests apparently drew no response. He finally received an authenticated record of trial over four months after his final request. The government's 92-day delay between receipt of appellant's R.C.M. 1105 matters and action underscores the government's disregard of appellant's asserted right to speedy post-trial processing. This factor weighs in appellant's favor.

Fourth, appellant asserts no prejudice and we find none; however, he has been denied due process. We so conclude after "balancing the other three [*Barker*] factors, [and finding] the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006).

"Where we find constitutional error, we grant relief unless [we are] convinced beyond a reasonable doubt that the constitutional error is harmless." *Id.* at 363. Considering the totality of the circumstances of this case, we cannot state with confidence that the post-trial delay was harmless. In *Moreno*, our superior court provided a non-exclusive range of available remedies, to address an excessive post-trial:

> (a) day-for-day reduction in confinement or confinement credit; (b) reduction of forfeitures; (c) set aside of portions of an approved sentence including punitive discharges; (d) set aside of the entire sentence, leaving a sentence of no punishment; (e) a limitation upon the sentence that may be approved by a convening authority

following a rehearing; and (f) dismissal of the charges and specifications with or without prejudice.

*Id.* at 143. Given this wide range of options, we shall reassess the sentence, affirming only so much of the sentence as provides for a dishonorable discharge and confinement for eleven years and eight months. This reduction of appellant's approved sentence to confinement is an appropriate and meaningful remedy for the government's post-trial delay.

## CONCLUSION

The findings of guilty are AFFIRMED. Reassessing the sentence, we affirm only so much of the sentence as provides for a dishonorable discharge and confinement for eleven years and eight months. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored.

Senior Judge CAMPANELLA and Judge HERRING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court